UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN JAMES MCCORMICK,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 21-cv-00217-JPG

**MEMORANDUM AND ORDER**

    This matter is before the Court on petitioner Kevin James McCormick ("Petitioner" or "McCormick") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. On February 10, 2020, the Court sentenced him to serve 132 months in prison on Count 1 for conspiracy to commit wire fraud. McCormick's criminal Case No. is 3:17-cr-30192-JBM-3. On February 24, 2021, Mr. McCormick filed a timely motion under § 2255 challenging his conviction and sentence. On April 8, 2021, Mr. McCormick filed an amended § 2255 motion. This motion alleges three grounds for relief – ineffective assistance of counsel for failure to enter into a plea and offer cooperation, ineffective assistance of counsel for having an actual conflict of interest, and, in the alternative of the first two, that Petitioner's guilty plea was not knowing, intelligent, and voluntary.

    Remarkably and to the Court's great satisfaction, the Government concedes and agrees that this Court should vacate the sentence of McCormick and order a re-sentencing. The Court will do so.

    **I.**    **Background**

    Petitioner's conviction arose from his ownership and operation of a business in southern Florida that was originally known as First Choice Tech Support, but later changed its name to

1

Client Care Experts ("Client Care/First Choice"). Client Care/First Choice was a type of telemarketing business that is commonly referred to as a "tech scam." An investigation into the business revealed that Client Care/First Choice defrauded 40,000 victims out of more than $25,000,000.

Many of the salespersons and mid-level managers were indicted and/or pled guilty prior to charges being filed against Petitioner. Petitioner was initially represented by Stephen R. Wigginton. On March 13, 2019, Wigginton filed a motion to withdraw as McCormick's attorney because he stated he was in a serious car accident in February 2019 and was under continuing care. On April 12, 2021, Matthew Radefeld entered his appearance on behalf of Petitioner and Judge Yandle continued the trial for four months. On July 29, 2019, the case was reassigned to Judge Joe Billy McDade of the Central District of Illinois, who was sitting by designation. After evaluating evidence against his client, Mr. Radefeld explored a possible cooperation plea agreement with the Government. McCormick pled guilty on August 12, 2019.

Based on McCormick's cooperation, the Government moved for a downward departure of 33% below the low-end of the Sentencing Guidelines range. However, because McCormick was the last defendant in his case to plead guilty and was not needed against his co-defendants, the amount of reduction recommended (33%) was not as large as the reductions recommended for the other defendants. During McCormick's sentencing hearing on February 10, 2020, the Sentencing Guidelines range was 151-188 months. Judge McDade granted McCormick a downward departure, but not to the extent requested by the Government. Judge McDade sentenced McCormick to 132 months of imprisonment.

## II.     Analysis

### a. Ineffective Assistance of Counsel

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (*quoting Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019).

McCormick asserts violations of his Sixth Amendment rights. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for [his] defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); Watson v. Anglin, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014); United States v. Jones, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009).

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that his

3

counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017); *Hill*, 474 U.S. at 59; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt*, 574 F.3d at 458; *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004).

Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea. *Wyatt*, 574 F.3d at 458; *see Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)); see *Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice."). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 137 S. Ct. at 1967.

In some instances, counsel's deficient performance is so stark that prejudice can be presumed such as where counsel abandoned a defendant or utterly failed to represent her. This presumption can occur:

> in the face of a "complete denial of counsel" or denial at a "critical stage" of the litigation. The presumption would also be triggered if counsel "entirely fails to

4

>subject the prosecution's case to meaningful adversarial testing," or if, due to the timing of the trial or other factors, "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is [] small."

*Smith v. Brown*, 764 F.3d 790, 796 (7th Cir. 2014) (quoting *United States v. Cronic*, 466 U.S. 648, 659-60 (1984); internal citations omitted).

A critical stage in a criminal case is "every stage of the criminal process between arraignment and appeal that either addresses a substantive issue or risks loss of a procedural right." *See Schmidt v. Foster*, 911 F.3d 469, 491-92 (7th Cir. 2018).

First, the Court will note that the Government has conceded this ground for relief and states that counsel Stephen R. Wigginton's performance as McCormick's attorney was affected by his excessive drinking and alcoholism, and McCormick was prejudiced as a result. As a remedy, the Government proposes that McCormick's sentence be vacated and that on resentencing, the Government will make a new 5K1.1 motion on behalf of Mr. McCormick recommending a 50% reduction of the low-end of the Guideline range. (Doc. 6 at 12). Petitioner agrees with this remedy (Doc. 16 at 3).

As the parties have detailed counsel's ineffectiveness in their briefing, the Court will briefly enumerate how counsel for McCormick was ineffective. First, Wigginton was charged with driving while intoxicated three separate occasions in a 2.5 year timespan (May 2017-December 2019). During the third driving while under the influence ("DUI"), Wigginton crashed his vehicle and failed a sobriety test. Wigginton was involved with more car accidents and the parties believe these were also alcohol related.

Wiggington's longtime friend and co-counsel, Chris Cuento, sent an email to McCormick during his representation of McCormick. Shockingly, Cuento was once co-counsel to McCormick regarding the underlying case.[1] This email is reproduced below:

---

[1] Chris F. Cuento briefly represented McCormick from February 5, 2019 – February 21, 2019. (Doc. 6 at 2).

5

> Kevin, thank you for returning my call. As I explained, I really believe Steve's alcoholism has resurfaced to the extent that I don't think he can adequately represent you. It pains me to say this as he is one of my oldest and dearest childhood friends. . . . You informed me that you had already concluded the same and related a bizarre anecdote wherein he accused you of stealing his wallet in some sort of alcoholic hallucination. You told me that you had already decided to replace him. . . .

(Doc. 6 at Exhibit D).

In early 2019, the Government also admits that Wigginton made several statements to the Government and the Court that he was experiencing health problems, and these issues were preventing him from preparing for trial. (Doc. 12 at 10). Wigginton told the AUSA assigned to the case that he was expected in Madison County court to participate in a 30-day substance abuse evaluation (Doc. 6 at Exhibit B).

The Court finds, under the first *Strickland* prong, that Wigginton's performance fell far below objective standards for reasonably effective representation. Wigginton's performance is stark and believes that counsel utterly failed to represent his client.

Regarding prejudice, McCormick was clearly prejudiced by Wigginton's deficient representation. After Wigginton withdrew as McCormick's counsel, he did not receive the same benefit for his plea and sentencing that earlier cooperation with the government would have provided. But for counsel's errors, McCormick's sentence would have been lower than 132 months that he received. Petitioner satisfies the second prong under *Strickland*.

b. **Grounds 2 and 3**

In light of the fact that the Court is finding that Wigginton's performance is deficient under *Strickland* and ordering McCormick's sentence vacated, the Court will not reach the merits of Petitioner's second and third claims.

### III. Conclusion

Accordingly, the Court hereby:

- GRANTS McCormick's amended § 2255 motion (Doc. 6);

- Renders MOOT Petitioner's Motion for Extension of Time (Doc. 15);

- VACATES McCormick's sentence imposed on February 10, 2020, as reflected in the judgment entered on February 10, 2020 (Doc. 225 in United States v. McCormick, Case No. 17-cr-30192-JBM);

- DIRECTS the Clerk of Court to enter judgment accordingly;

- DIRECTS the Clerk of Court to docket this order in McCormick's civil and criminal cases.

**IT IS SO ORDERED.**
**Dated: January 27, 2022**

**/s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**
